*326 OPINION of the Court, by
Judge Logan.
The first and most important inquiry in this cause is this, whetfjer tj,e complainant has made out such a case in his bill as will justify the interposition ot chancery to relieve him the at law ?
states that he had sued the defendant upon a contract, hut owing to the fraud or mistase oi a witness tor the defendant he was cast.
jje then proceeds to show that the defendant having;; also sued hurt for a trespass produced by the said coa». *327 tract, and recovered a verdict and judgment, that he filed his bill of injunction and again introduced his said cause of action, in which he had been cast at law.
On dififolving injunction damages are to be given for the amount of principal and interest accrued at the time of grantingthe injunction.
Cofts of ap-. peal divided upon revería! in part, and af-firmance in parts
The complainant having commenced his action and proceeded to trial at law, must submit to the judgment of that court, unless he can shew such equitable circumstances as ought to relieve him, and of which he could not avail himself at law.
In this cause he shows no such circumstances. If the ground he states was proper for relief, it was competent for that court to have granted the relief on a motion for a new trial; and if the court had improperly overruled the motion, the course to have pursued for redress was a plain and very common one. He should in the first instance be able to shew that through fraud or some unavoidable and extraordinary circumstance, he had been deprived of a fair trial at law ; and in the second place, that he could not have availed himself thereof by motion for a new trial during that term.
But the complainant does not even shew proper cause for a new trial at law. If he chose to hazard a trial on the evidence he then had, and was disappointed in the weight thereof, he must submit to it as one of those cases in which to grant a new trial would establish a precedent of very litigious and dangerous consequences. There are cases of surprize known in law, which, whenever they happen, form proper ground for new trials ; but we know of none like the present, and
we are satisfied that none such should exist. The temptation to subornation of perjury, and repeated efforts in new trials, would be strong and too often attainable under a practice like this.
■ It does not, however, appear that the complainant did not move for a new trial at law upon the rendition of the verdict against him. If he did, and the court im•properly decided against his motion, he might have ex-' #epted to that opinion and brought the question before ⅜⅛ court 5 and if he did not, it was his owir negligence, of which he ought not to take advantage by a more expensive and tedious course in chancery.
But if the cause alleged were insufficient to have entitled him to a new trial at law upon motion, it was ■ qually so for a court of chancery to have decreed a new ’■'tal, where it would be proper to exercise jurisdiction.
*328 .< His cause of action then must have finally closed^ and could not be revived as a setoff to a judgment obtained against him.
We are therefore of opinion that the court correctly dissolved his, injunction and dismissed the hill ; and the want of equity in the bill rendered an inquiry into the exceptions taken to the defendant’s answer unnecessary.
But upon the third assignment of error, in decreeing more damages on the dissolution of the injunction than bv law was authorised, the court has been mistaken. They have decreed $ 10 41 damages, but the sum enjoined was only 24/ 6s 4d, bearing interest from the 5th of November 1805, the date of the replevy bond, until the injunction was granted, which was in February following, For this cause only we are bound to reverse the decree.
It is therefore decreed by the court that the said decree of the circuit court he reversed, so lar as that court has decreed to the defendant more than ten per cent, d.st« mages on the amount of the replevy bond, and interest at the rate of six per cent, thereon up to the time of granting the said injunction. And it is farther decreed by the court that each party do pay his own costs in this court expended.